UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
MAY 18 2018
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

MALCOLM JERMAINE CARRY, )
    Petitioner, )
)  Case No.: 5:04-CR-00167-BO-1
v. )
)  No.: 5:16-CV-378-BO
UNITED STATES OF AMERICA, )  No.: 5:07-CV-448-BO
    Respondent. )
)

PETITIONER'S MOTION REQUESTING
THE COURT TO CONSIDER AN
INTERVENING DECISION.

COMES NOW, Malcom Jermaine Carry, Pro Se, Humbly moving this Honorable Court to consider the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and intervening decision, that is a decision that directly effects Petitioner Carry's case, which was decided after the submission of Petitioner Carry's Second or Successive 28 U.S.C. § 2255. In support of this motion, Petitioner Carry avers the following:

I. STATEMENT OF THE CASE

Currently pending before this district court is Petitioner Carry's second or successive 28 U.S.C. § 2255 motion. Carry obtained permission from the Fourth Circuit Court of Appeals to present said motion to this district court by making a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. See Case No. 16-869.

Petitioner Carry plead guilty, without the benefit of a plea agreement, to all Counts of the indictment as it pertained to Conspiracy to Commit Robbery, Aiding and Abetting Robbery, and Carjacking. See Doc# 1.

1

Specifically, Petitioner Carry argued, in his Second or Succesive Section 2255 motion, that in light of the Supreme Court's decision in Johnson, neither Conspiracy to Commit Hobbs Act Robbery, Hobbs Act Robbery, nor Carjacking qualifies as a "crime of violence" within the meaning of Section 924(c), and, therefore, may not serve as a predicate for that offense. As such, Mr. Carry's conviction under Section 924(c) is based on the unconstitutionally vague residual clause of that statue and must be vacated.

Since the time of the submission of Petitioner Carry's Second or Successive Section 2255, the Supreme court granted a Writ of Certiorari to James Dimaya. See Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Based upon the grant of Certiorari in Dimaya, this Court determined that Petitioner Carry's Second or Successive Section 2255 motion would be held in abeyance until the determination of Dimaya's case, because that case may have a direct effect on Petitioner Carry's case.

## INTERVENING DECISION

Petitioner Carry humbly moves this Court to consider the decision in Dimaya and to apply it to his case as it does affect his case, and makes the residual clause of 18 U.S.C. § 924(c)(3)(B) void for vagueness.

In Dimaya, the Government sought and obtained a deportation order to remove this lawful permanent resident based upon his prior conviction, in the State of California, for burglary. The Government asserted that said burglary qualified as an "aggravated felony," as defined by 18 U.S.C. §16(b), which is the residual clause of Section 16. Dimaya appealed. During the pending appeal in the Ninth Circuit, the Supreme Court held that a similar residual clause in the Armed Career Criminal act (ACCA)--defining "violent felony" as any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)-- was

unconstitutionally "void for vagueness" under the Fifth Amendment's Due Process Clause. See Johnson v. United States, 135 S. Ct. 2551 (2015). Relying on Johnson, the Ninth Circuit held that § 16(b), as incorporated into the INA, was also unconstitutionally vague. See Dimaya v. Lynch, 803 F.3d 110 (9th Cir. 2015). The Government appealed and the Supreme Court granted Certiorari.

Upon review, the Supreme Court affirmed the ruling of the Ninth Circuit Court of Appeals, determining that the Residual clause of Section 16 is void for vagueness as it suffers the same two fatal flaws as the residual clause of the ACCA. The Supreme Court determined that Seciton 16(b) has the same two features as ACCA's residual clause -- ordinary-case requirement and an ill-defined risk threshold-- combined in the same constitutionally problematic way.

To begin, ACCA's residual clause created "grave uncertainty about how to estimate the risk posed by a crime" because it "tie[d] the judicial assessment to risk" to a speculative hypothesis about the crime's "ordinary case," but provided no guidance on how to figure out what the ordinary case was. Compounding that uncertainty ACCA's residual clause layered an imprecise "serious potential risk" standard on top of the requisite "ordinary case" inquiry. The combination of "indeterminacy about how to measure the risk" it takes for the crime to qualify as a violent felony," resulted in "more unpredictability" and arbitrariness than the Due Process Clause tolerates.

The Supreme Court went on to determine that the ACCA's "serious potential risk" threshold and § 16(b)'s "substantial risk" threshold are equated, as determined in Johnson, and that these standards, applied under a judge-imagined abstraction, i.e., an idealized ordinary case of the crime, cease to work in a way consistent with due process, and are thereby unconstitutionally vague.

3

It is Petitioner Carry's position and thereby argument that the Supreme Court's decision and application of Dimaya directly effects his case. Section 924(c)'s residual clause, that is § 924(c)(3)(B) is not similar to Section 16(b), but it is identical to Section 16(b), therefore § 924(c)(3)(B) suffers the very same two fatal flaws that Section 16(b) and the ACCA's residual clause suffers and was found to be unconstitutional because of.

The Supreme Court determined that because Section 16(b) contained the same two unconstitutional features as the ACCA's residual clause none of the minor lingustic disparities in the statutes makes any real difference. Petitioner Carry moves this Court to make the same determination concerning any alleged minor lingustic disparities between § 16(b) and § 924(c)(3)(B). It is Petitioner Carry's assertion that the residual clause of Section 16 and Section 924(c) are identical, but if this Court finds minor differences, those differences will not make any real difference, because the same two fatal flaws found in the ACCA's residual clause and § 16's residual clause is found in the residual clause of Section 924(c).

Based upon the Supreme Court's decision in Dimaya, Mr. Carry moves this Court to find the residual clause of Section 924(c) void for vagueness and thereby unconstitutional. Further, he moves this Court to consider and apply the Supreme Court's determinations in Dimaya to his case, as it is an intervening decision, and a Supreme Court decision that is retroactively applicable on collateral review.

## CONCLUSION

For the reasons set forth herein, in the interest of justice, fundamental fairness, and judicial economy, Petitioner Carry humbly moves this Honorable Court to consider the intervening Decision of

4

the Supreme Court in <u>Session v. Dimaya</u>, 138 S. Ct. 1204 (2018), and to apply this new rule of constitutional law to his case.

Respectfully Submitted,

*Malcolm Jermaine Carry*
Malcolm Jermaine Carry
24720-056
FCI-Three Rivers
P.O. Box 4200
Three Rivers, TX 78071

May 14, 2018