IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-CR-167-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MALCOLM JERMAINE CARRY | ) | |

This matter is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [D.E. 269]. The government has responded in opposition to defendant's motion. In this posture, the motion is ripe for ruling and, for the reasons that follow, defendant's motion for compassionate release is denied.

## BACKGROUND

On December 13, 2004, defendant pleaded guilty to conspiracy to commit armed robbery, in violation of 18 U.S.C. § 371, interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. § 1951, brandishing and discharging a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2, and carjacking, in violation of 18 U.S.C. § 2119. On November 30, 2005, defendant was sentenced to 308 months' imprisonment and five years of supervised release. Defendant's projected release date is March 29, 2026.

Defendant seeks compassionate release based upon his health conditions and the current COVID-19 pandemic. Specifically, defendant suffers from prostate issues and is overweight. Defendant contends that, in light of his health conditions, the COVID-19 pandemic puts his life in serious jeopardy, and that qualifies as an extraordinary and compelling reason warranting relief under 18 U.S.C. § 3582(c)(1)(A).

The government argues that defendant has not presented extraordinary and compelling circumstances warranting relief under 18 U.S.C. § 3582(c)(1)(A), and that the relief should also be denied based upon the 18 U.S.C. § 3553(a) factors.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a modification of his term of imprisonment, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the Bureau of Prisons (BOP). Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in the sentence or (2) a defendant who is serving a sentence imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). When reducing a term of imprisonment via compassionate release, a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" Id. § 3582(c)(1)(A).

Congress has directed the United States Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons" for sentence reductions. 28 U.S.C. § 994(t). To that end, the Sentencing Commission has defined

---

[1] Pub. L. 115-391, 132 Stat. 5194.

2

extraordinary and compelling reasons in terms of four categories of circumstances having to do with a defendant's age, health, and family circumstances, as well as a catch-all provision. U.S.S.G. § 1B1.13, comment. n.1. But, because U.S.S.G. § 1B1.13 applies expressly to the Director of the Bureau of Prisons, the "consistency requirement simply is not implicated" as to motions filed by defendants pursuant to § 3582(c)(1)(A) as recently amended by the First Step Act. United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) (internal quotation and alteration omitted).

In other words, until the Sentencing Commission updates its guidance, a district court is authorized to independently determine whether extraordinary and compelling circumstances exist, and its determination is not constrained by U.S.S.G. § 1B1.13. Id. at 281-84; see also United States v. Zullo, 976 F.3d 228, 236 (2d Cir. 2020). In addition to considering whether extraordinary and compelling circumstances are present, in order to determine that a reduction in sentence is warranted, a court must further consider the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

Here, even if the Court were to assume that defendant has demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A), compassionate release would be inappropriate upon consideration of the 18 U.S.C. § 3553(a) factors. The nature and circumstances of the offense were serious. Defendant was the leader and organizer of a conspiracy to commit armed robbery. On August 27, 2003, defendant and several co-defendants robbed a jewelry store in Cary, North Carolina. During the robbery, defendant and his co-defendants pointed firearms at several victims and repeatedly threatened their lives. Defendant and his co-defendants stole at least 35 Rolex watches and 29 other jewelry pieces, which had an estimated retail value of $222,753. As defendant and his co-defendants were leaving the store, a police officer confronted them and instructed them to stop. Defendant and his co-defendants ignored the officer's command,

3

continued to their getaway vehicle, and sped away with the police in pursuit. Defendant was the driver of the getaway vehicle and led the police into a nearby parking deck, where defendant and his co-defendants abandoned their getaway vehicle and discharged a firearm at the police. At least four unoccupied vehicles were damaged. Defendant and his co-defendants then ran to a second getaway vehicle and led the police into a residential neighborhood, where they continued to discharge firearms. At least one home and vehicle were damaged. Defendant eventually crashed the getaway vehicle and he and his co-defendants ran into nearby woods. The officers were able to apprehend defendant's co-defendants and the stolen watches and jewelry. However, defendant continued to elude arrest and assaulted a resident at a nearby home by pushing the resident onto the ground, pointing his firearm at the resident, and demanding the resident's automobile keys. A passing motorist stopped to observe the commotion and defendant grabbed the inside of the motorist's vehicle, pointed his gun inside the car, and demanded the motorist stop the car. The motorist escaped defendant's clutch by accelerating and swerving the car. Defendant then ran to another residence and hid in a carport storage room. When the resident arrived home, defendant jumped from the storage room, put his firearm to the resident's head, and instructed the resident to get into his vehicle and give him the keys. Once inside the vehicle, defendant drove to north Raleigh, all the while pointing his handgun at the hostage. After stopping at three service stations, defendant hailed a taxi and left the scene. The following day, defendant recruited someone to enter his apartment and remove all items that identified him. Defendant was eventually arrested in Brooklyn, New York, on October 6, 2004. Altogether, defendant is responsible for a total loss of $231,444. Defendant also victimized eight schools in north Raleigh that had to be locked down while police searched for him. Defendant's criminal history is also troubling as it includes a felony first degree robbery conviction, along with other misdemeanor drug and theft convictions.

4

The Court notes that defendant has served over 80% of his sentence and has taken some positive steps while incarcerated. Defendant has taken numerous educational courses, served as an orderly within the Bureau of Prisons facility he is housed, received a rating of excellent at his job within the facility, and made payments toward his restitution. The Court has also considered the numerous letters of support for defendant's release and his plans to obtain employment as a commercial truck driver upon release. However, while laudable, these factors do not convince the Court that a reduction in defendant's sentence is warranted considering defendant's horrific and violent criminal conduct, the need to promote respect for the law, and the need to deter future criminal activity. Having reviewed the record and considered the relevant factors, the Court concludes that relief under § 3582(c)(1)(A) is not warranted.

## CONCLUSION

In sum, the Court DENIES defendant's motion for compassionate release [D.E. 269]. For good cause shown, the Court GRANTS the motion to seal [D.E. 270].

SO ORDERED, this 15 day of June, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE